IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN R. CAVALZANI, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BOHREN LOGISTICS, INC., TONY WEEKLY JR., INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER, INC. | ) ) ) ) | **NOTICE OF REMOVAL** |
| | ) | |
| Defendants. | ) | |

DEFENDANTS, Bohren Logistics, Inc. and Tony Weekly, Jr., by and through their undersigned counsel, hereby remove Case No: CI 18-1784 from the District Court of Lancaster County, Nebraska to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §1332; 1441 and 1446, and as grounds for the Removal state as follows:

**STATEMENT OF THE CASE**

1. This matter arises out of a motor vehicle accident on July 31, 2016.

2. On December 9, 2017, counsel for Kathryne Pals, as Personal Representative of the estate of Jamison B. Pals and Personal Representative of the estate of Ezra A. Pals, and Gordon Engel, as Personal Representative of the estate of Kathryne L. Pals, Personal Representative of the estate of Violet J. Pals, and Personal Representative of the estate of Calvin B. Pals, filed a Complaint in Federal Court Civil Action No. 8:17-cv-00027 arising out of the same accident.

3. On May 30, 2017, counsel for Juan Pablo Velez, Martiniana Velez, and Paolo Velez, filed a Complaint also in Federal Court, Case ID No. 8:17-cv-175, for a claim arising out of the same accident.

4. On February 7, 2018, the case of *Merino Loreto v. Bohren Logistics, Inc. and Tony Weekly, Jr.*, a claim arising out of the same accident which was filed by Merino Loreto in the District Court of Keith County, Nebraska, was removed to the United States District Court for the District of Nebraska, case number 7:18CV5004.

5. On May 25, 2018, Plaintiff John R. Cavalzani filed a Complaint in Lancaster County, Nebraska for Case No. CI 18-1784.

6. Defendant Tony Weekly was served with the summons on June 5, 2018. This Notice is timely filed.

7. A copy of the Plaintiff's Complaint served upon Defendants in the State Court action is attached in support of this filing.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 § (a)**

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 § (a) because there is complete diversity of citizenship between Plaintiff and the Defendants and more than $75,000.00, exclusive of interest and costs, is at stake.

9. Plaintiff alleges he is a resident of the State of Illinois.

10. Bohren Logistics is a trucking company incorporated in the State of Indiana.

11. Defendant Tony Weekly, Jr. is a resident of the State of Florida.

12. All of the named Defendants have joined in and consent to this Notice of Removal.

13. There are already two cases pending which were filed by other parties to the accident. These arise out of the same accident, and are currently being litigated in Federal Court.

WHEREFORE, Defendants, Bohren Logistics, Inc. and Tony Weekly, Jr., respectfully request that this action be removed to the United States District Court for the District of Nebraska.

Dated this 5th day of July, 2018.

BOHREN LOGISTICS, INC., and TONY WEEKLY, JR., Defendants,

By: _____
Terrance O. Waite, #15497
Timothy M. Murphy, #26372
For  WAITE, McWHA & HENG
P. O. Box 38 - 116 No. Dewey St.
North Platte, Nebraska 69103-0038
Telephone: (308) 532-2202
Attorneys for Defendants.

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the above Notice of Removal was served on the 5th day of July, 2018, by utilizing the CM/ECF system upon the following:

Christopher P. Welsh
Welsh & Welsh, PC LLO
9290 West Dodge Road
204 The Mark
Omaha, NE 68114

Zachary C. Elsner,
The Sawaya Law Firm
1600 Ogden Street
Denver, CO 80218

Patrick R. Guinan
Erickson Sederstrom PC
Regency Westpoint, Suite 100
10330 Regency Parkway Drive
Omaha, NE 68114

Daniel B. Shuck
501 Pierce Street, Suite 205
Sioux City, Iowa 51101

_____

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI180001784
Transaction ID: 0006920028
Filing Date: 05/25/2018 09:43:40 AM CDT

# IN THE DISTRICT OF LANCASTER COUNTY, NEBRASKA

| | |
|---|---|
| JOHN R. CAVALZANI, ) | CASE NO: CI 17-_____ |
| Plaintiff, ) | |
| vs. ) | |
| ) | COMPLAINT |
| BOHREN LOGISTICS, INC.; TONY ) | |
| WEEKLY JR.; INTERSTATE ) | DEMAND FOR JURY TRIAL |
| HIGHWAY CONSTRUCTION INC.; ) | |
| and D.P. SAWYER, INC., ) | |
| Defendants. ) | |

For his Complaint, by and through his counsel, Plaintiff John R. Cavalzani states the following in support of his causes of action against Defendants Tony Weekly Jr.; Bohren Logistics, Inc.; Interstate Highway Construction Inc.; and D.P. Sawyer, Inc.:

1. This action arises from the injury of John Cavalzani, who was injured on July 31, 2016, while driving westbound on Interstate 80 near Brule, Nebraska, as a result of the wrongful, negligent, and Punitive acts and omissions of the Defendants.

## PARTIES AND JURISDICTION

2. Plaintiff John Cavalzani is a citizen of the State of Illinois.

3. Defendant Bohren Logistics ("Bohren") is a trucking company that transports freight in interstate commerce, including the State of Nebraska. Bohren is a citizen of the State of Indiana by virtue of its incorporation there and having its principal place of business located in Garrett, Indiana.

4. At all relevant times, Bohren was operating as a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in the Federal Motor Carrier Safety Regulations and was, thus, subject to such rules and regulations as promulgated and codified within 49 C.F.R.

1

§ 300, *et seq.*

5. Defendant Tony Weekly Jr. ("Weekly") is a truck driver employed by Defendant Bohren Logistics, Inc. at all relevant times and who resides in and is a citizen of the State of Florida.

6. Defendant Interstate Highway Construction, Inc. ("IHC") is a roadway construction company that provides general contractor services on highway and interstate roadway construction projects, including within the State of Nebraska. Defendant IHC is a citizen of the State of Colorado by virtue of its incorporation there and having its principal place of business located in Englewood, Colorado.

7. Defendant IHC was the general contractor for the Interstate 80 roadway construction project in which the John Cavalzani crash occurred, called the "Big Springs-Brule Project."

8. Defendant D.P. Sawyer, Inc. ("DPS") is a traffic control and highway striping company that provides traffic control and pavement marking services on roadway construction projects, including within the State of Nebraska. Defendant DPS is a citizen of the State of Nebraska by virtue of its incorporation there and having its principal place of business in Lincoln, Nebraska.

9. Defendant DPS was a subcontractor of Defendant IHC that performed traffic control work on the Big Springs-Brule Project.

## FACTUAL ALLEGATIONS

10. On July 31, 2016, John Cavalzani was driving westbound on Interstate 80.

11. On July 31, 2016, at approximately 11:29 a.m., the Big Springs-Brule Project road construction caused the westbound portion of Interstate 80 to slow and come to a stop near mile-marker 113 in Brule, Nebraska.

12. As more fully described below, the road construction caused John Cavalzani and the drivers behind him to slow and stop their vehicles, at which time Defendant Weekly failed to slow down as he approached the vehicle ahead of him while driving a 205 Freightliner tractor and semi-trailer (the "Tractor").

13. Defendant Weekly's negligent inattentiveness on the roadway was a contributing factor resulting in his failure to slow down when approaching the line of cars that included John Cavalzani's vehicle.

14. Defendant Weekly's failure to slow down or stop caused the Tractor to strike the rearmost vehicle in the line from behind at a high rate of speed of over 55 miles per hour, resulting in a chain reaction between that vehicle and several vehicles in front of it, including John Cavalzani's vehicle. John Cavalzani's vehicle was struck.

15. John Cavalzani's vehicle suffered catastrophic damage, causing him great bodily harm.

16. Upon information and belief, the failure of Defendants IHC and DPS to place adequate warning signage in advance of, and within, the construction zone to warn drivers, including Defendant Weekly, that drivers should be prepared to stop within the construction zone was an additional contributing factor that caused the crash.

17. As set forth in more detail below, the failure of Defendants IHC and DPS to place adequate signage in advance of, and within, the construction zone was a contributing factor that proximately caused Defendant Weekly's failure to stop.

18. Upon information and belief, an additional contributing factor that caused the crash was the failure of Defendants IHC and DPS to design and maintain the construction zone in a safe manner as to avoid causing traffic to stop completely and suddenly.

19. There was no clearly apparent need for traffic to stop frequently and suddenly in a

3

construction zone such as the Big Springs-Brule Project construction zone, and had Defendants IHC and DPS instituted a reasonable traffic control plan and reasonable construction operations within the construction zone, traffic would not have stopped on this stretch of Interstate 80 and this crash would not have occurred.

## COUNT 1 (NEGLIGENCE AGAINST DEFENDANT WEEKLY)

20. Plaintiff incorporates by reference and repeats now paragraphs 1-19.

21. A reasonable and ordinarily prudent person in the position of Defendant Weekly would have maintained focus on the roadway and control of the Tractor so as to avoid crashing with the line of vehicles.

22. Defendant Weekly's negligent inattentiveness on the roadway was a contributing factor that proximately caused the crash and personal injuries to Plaintiff.

23. In failing to maintain focus on the roadway and control of the Tractor, Defendant Weekly violated numerous statutory and regulatory provisions implemented for the purpose of protecting other drivers on the roadway such as Plaintiff Cavalzani, including, but not limited to:

    a. Defendant Weekly violated Neb. Rev. Stat. § 60-6, 212 ("Careless Driving") by driving the Tractor within the State of Nebraska carelessly and without due caution so as to endanger a person or property;

    b. Defendant Weekly violated Neb. Rev. Stat. § 60-6, 213 ("Reckless Driving") by driving the Tractor in such a manner as to indicate indifferent or wanton disregard for the safety of persons or property;

    c. Defendant Weekly was not qualified to drive a commercial motor vehicle as required under 49 C.F.R. § 391.11;

    d. Defendant Weekly violated 49 C.F.R. § 392.2 by failing to operate the Tractor in accordance with the laws, ordinances, and regulations of the State of Nebraska;

    e. Defendant Weekly violated 49 § C.F.R. § 392.3 by operating the Tractor while his ability or alertness was so impaired, or so likely to become impaired, through fatigue and inattentiveness, as to make it unsafe for him to operate the tractor;

    f. Upon information and belief, Weekly violated 49 C.F.R. § 392.82 by using a hand-held mobile device while driving the Tractor.

24. Due to the impact of the collision, the Plaintiff Cavalzani suffered severe bodily injuries.

25. As a direct and proximate result of Defendant Weekly's violations of applicable statutes and regulations described above, Plaintiff Cavalzani experienced pain and suffering.

## COUNT II (VICARIOUS NEGLIGENCE AGAINST BOHREN)

26. Plaintiff incorporates by reference and repeats now paragraphs 1-25.

27. As Defendant Weekly's principal or employer, and as the registered carrier of the Tractor, Defendant Bohren is vicariously liable for the negligent and wrongful acts or omissions of Defendant Weekly that caused Plaintiff Cavalzani pain and suffering as set forth in Count I above.

## COUNT III (NEGILGENCE AGAINST BOHREN)

28. Plaintiff incorporates by reference and repeats now paragraphs 1-27.

29. Public records reflect that, prior to the collision with the line of cars, Defendant Weekly had been charged with and/or convicted of multiple driving violations including failure to obey a traffic control device, careless driving, and driving with a suspended or revoked license.

30. Public records reflect that, prior to the collision with Plaintiff Cavalzani, vehicles owned and/or operated by Defendant Weekly had been involved in no fewer than seven automobile crashes.

5

31. For example, public records reflect that in August 2007 Defendant Weekly was found to be at fault for causing a crash while driving a 2005 Mack 600 CXN Cab Truck Tractor owned by Defendant Weekly's previous employer.

32. A reasonable and ordinarily prudent carrier in the position of Defendant Bohren would have investigated and learned of Defendant Weekly's past driving history prior to hiring him or allowing him to operate the Tractor on the public roadways.

33. A reasonable and ordinarily prudent carrier in the position of Defendant Bohren would not have hired Defendant Weekly and allowed him to operate or control the Tractor on the public roadways.

34. Indeed, under 49 C.F.R. § 391.23, Defendant Bohren was required to investigate Defendant Weekly's past driving and employment history prior to hiring him and allowing him to operate the Tractor.

35. Furthermore, Defendant Bohren was required to conduct ongoing annual reviews thereafter, under 49 C.F.R. § 391.25.

36. Under 49 C.F.R. § 391.11, carriers must not permit drivers such as Defendant Weekly to operate any commercial motor vehicle if the driver is not qualified to do so.

37. These regulations were enacted for the benefit of all other persons who operate vehicles on the public roadways, including Plaintiff Cavalzani, to protect them from bodily injury and harm.

38. Defendant Bohren's negligent decision to permit Defendant Weekly to operate a commercial motor vehicle proximately caused personal injuries to Plaintiff Cavalzani.

## COUNT IV (NEGLIGENCE AGAINST INTERSTATE HIGHWAY CONSTRUCTION, INC.)

39. Plaintiff incorporates by reference and repeats now paragraphs 1-38.

6

40. Due to the impact of the collision, Plaintiff Cavalzani suffered severe bodily injuries.

41. As a direct and proximate result of IHC's negligence in designing the temporary traffic control "TTC" plan and in operating the Big Springs-Brule Project in such a manner as to cause traffic to frequently and suddenly stop, Plaintiff Cavalzani experienced pain and suffering.

42. Defendant IHC is therefore liable to Plaintiff Cavalzani for his personal injuries.

### COUNT V (NEGLIGENCE AGAINST D.P. SWAYER, INC.)

43. Plaintiff incorporates by reference and repeats now paragraphs 1-42.

44. Due to the impact of the collision, Plaintiff Cavalzani suffered severe bodily injuries.

45. As a direct an proximate result of DPS's negligence in designing, implementing, and monitoring for effectiveness, the TTC plan for the Big Springs-Brule Project, John Cavalzani experienced pain and suffering.

46. Under Neb. Rev. Stat § 25-1401, Defendant DPS is therefore liable to the Plaintiff Cavalzani for causing him personal injury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and otherwise relief as follows:

1. Awarding damages to compensate for past medical bills and any future medical bills;
2. Awarding damages to compensate for past loss of income, wages, and benefits and any future loss of income, wages, and benefits;
3. Awarding damages to compensate for pain and suffering;
4. Awarding Plaintiff all pre-verdict, pre-judgment, and post-judgment interest allowed by law;
5. Awarding Plaintiff all reasonable costs and expenses of this litigation;

7

6. Awarding Punitive Damages; and

7. For such other relief as this Court deems necessary, just, and proper.

DATED this 25th day of May, 2018.

JOHN CAVALZANI, Plaintiff

By: /s/ Christopher P. Welsh
Christopher P. Welsh, #22279
WELSH & WELSH, PC LLO
9290 West Dodge Road
204 The Mark
Omaha, NE 68114
(402) 384-8160
(402) 384-8211 (fax)
cwelsh@welsh-law.com
*ATTORNEY(S) FOR PLAINTIFF*