IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN CAVALZANI,<br><br>                Plaintiff,<br><br>vs.<br><br>BOHREN LOGISTICS, INC., TONY WEEKLY JR., INTERSTATE HIGHWAY CONSTRUCTION, INC., and D.P. SAWYER, INC.,<br><br>                Defendants. | **7:18CV5009**<br><br>**FINDINGS AND RECOMMENDATION** |

      Plaintiff has moved for remand, arguing removal of his lawsuit to this forum was improper. (Filing No. 8), Plaintiff's complaint was originally filed in the District Court of Lancaster County, Nebraska, and it seeks recovery in negligence for injuries arising from a motor vehicle accident. Filing No. 1, at CM/ECF p. 5, ¶1. On July 5, 2018, Plaintiff's complaint was removed to this forum on the basis of diversity jurisdiction, (Filing No. 1, at CM/ECF pp. 2, 5), and on July 10, 2018, Plaintiff timely moved for remand under the forum defendant rule, 28 U.S.C. § 1441(b)(2). Filing No. 8.

      Defendants have not responded to the motion, and the deadline for doing so has passed. Plaintiff's motion for remand is therefore deemed fully submitted. For the reasons stated below, the motion should be granted.

ANALYSIS

      Federal district courts are courts of limited jurisdiction, with the extent of that jurisdiction defined by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986) (citing Marbury v. Madison, 1 Cranch 137, 5 U.S. 137 (1803). In general, "[a] defendant may remove a state law claim to federal court when the federal court would

have had original jurisdiction if the suit originally had been filed there", e.g., either diversity or federal question jurisdiction is present. Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005) (citing 28 U.S.C. § 1441(b)). See also City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997). In cases removed to federal court, the defendant bears the burden of proving the court has jurisdiction, with all doubts as to the propriety of exercising federal jurisdiction resolved in favor of remand. Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

Diversity jurisdiction is present if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." See 28 U.S.C. § 1332(a)(1). But where, as in this case, a lawsuit is removed solely on the basis of diversity, removal is improper if any defendant which was properly joined and served is a citizen of the state where the complaint was originally filed. 28 U.S.C. § 1441(b)(2). For the purposes of diversity, a corporation is a citizen of both its state of incorporation and of its principal place of business." 28 U.S.C. § 1332(c)(1).

Plaintiff argues removal of his case was improper because it was originally filed in a Nebraska state court, DPS is a Nebraska citizen, and DPS was a properly joined and served defendant at the time of removal. Filing No. 8, at CM/ECF p. 1. See also, Filing No. 9-1 (showing DPS was served on May 31, 2018). As relevant to the removal issue, Paragraph 8 of Plaintiff's complaint alleges "Defendant D.P. Sawyer, Inc. ("DPS") is a . . . citizen of the State of Nebraska." (Filing No. 1, at CM/ECF p. 6, ¶ 8). While the answer filed by Defendants Bohren Logistics, Inc. and Tony Weekly, Jr. summarily denied this allegation, (Filing No. 6), DPS' corporate disclosure statement admits DPS is a Nebraska corporation. (Filing No. 11, at CM/ECF p. 2). See also, Filing No. 9-4 (identifying Lincoln, Nebraska as DPS' principal place of business); NE SEC. OF STATE, CORP. & BUS. SEARCH: *D.P. SAWYER* (2018); 8:17-CV-00027, Filing No. 48, at CM/ECF p. 2, ¶8 (Defendant DPS has admitted to being incorporated in Nebraska, with its principal place of business in Lincoln, Nebraska in other cases arising out of the same motor vehicle accident); see also 8:17-CV-175, Filing No. 33, at CM/ECF p. 1, ¶ 9).

On the record before the court, the court finds Defendant DPS was incorporated under Nebraska law and its principal place of business is in Nebraska. It is therefore a citizen of Nebraska—the state where Plaintiff originally filed his lawsuit—and under the forum defendant rule, removal of Plaintiff's lawsuit to this court was improper.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Laurie Smith Camp, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to remand filed by Plaintiff (Filing No. 8) be granted in its entirety and the case remanded to the District Court of Lancaster County, Nebraska.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 24th day of August, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge